**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35720**

| | | |
|---|---|---|
| IN THE MATTER OF THE DRIVER'S LICENSE SUSPENSION OF GARY ALAN FEASEL | ) ) ) | |
| GARY ALAN FEASEL, | ) ) | 2009 Opinion No. 69 |
| Petitioner-Respondent, | ) ) | Filed: October 15, 2009 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| IDAHO TRANSPORTATION DEPARTMENT, | ) ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

Memorandum decision of the district court reversing order suspending driver's license, reversed.

Michael Kane & Assoc., PLLC, Boise, for appellant. Michael J. Kane argued.

Robert A. Wallace, Boise, for respondent.

GUTIERREZ, Judge

The Idaho Transportation Department (ITD) appeals the district court's reversal of an order of an ITD hearing officer suspending Gary Alan Feasel's driver's license. For the reasons set forth below, we reverse the decision of the district court.

**I.**

**BACKGROUND**

Feasel was arrested for driving under the influence after he rear-ended a vehicle at the intersection of Broadway and Front Street in Boise. An officer at the scene submitted an affidavit indicating that Feasel admitted to having taken multiple medications including Ambien CR, Lithium, Prozac, and Wellbutrin at some point prior to the accident. The officer also noted that Feasel had slurred speech, appeared sleepy, and exhibited an impaired memory. The officer

1

performed field sobriety tests including the gaze nystagmus, walk and turn, and one leg stand tests, all of which Feasel failed. Feasel submitted to a breath alcohol test which showed no trace of alcohol, and a urine test which detected the presence of fluoxetine (Prozac).

Feasel was notified by the ITD of an administrative license suspension (ALS) and timely requested an administrative hearing. At the hearing, warning labels from each of the medications were read. Each label indicated that the drugs may cause drowsiness and may impair or lessen the ability to drive or operate a car, and the Prozac label specifically warned that the user should be familiar with the effects before driving. A toxicologist testified that the urine test showed only that the driver had ingested some unknown quantity of Prozac at some time in the past and that this fact alone could not support the inference of impairment. Feasel argued that since the urinalysis results did not quantify the drugs found in his system, a violation of Idaho Code § 18-8004 could not be established. He stressed that he was taking the medication pursuant to a valid prescription and that, prior to the date of the incident, he had never had impairment problems while taking all four medications at once. The hearing officer determined that I.C. §§ 18-8004 and 18-8002A do not require the quantification of a drug in the driver's body for a violation to occur; only the presence of drugs is required combined with indications of impairment. The hearing officer also relied on I.C. § 18-8004(7), which specifies that a valid prescription or prior use without impairment are not defenses. The hearing officer upheld the suspension, determining that "the officer gave numerous indications that the driver was impaired. Those observations combined with the results showing the presence of drugs were sufficient to establish a violation of I.C. §§ 18-8004 and 18-8002A."

Feasel filed a timely petition for judicial review. At the district court level he argued that a urine test indicating the presence of a drug is not enough to form the basis of a license suspension. Rather, he argued, there must be some quantitative measurement or clear factual connection to a driving pattern or other evidence of impairment attributable to those specific drugs. The district court determined that a direct causal linkage among the circumstances of driving, drug ingestion, and impairment must be established in order to suspend a driver's license under I.C. § 18-8002A(4). It found that cases involving drugs and other intoxicating substances require a different structure of proof than cases involving alcohol because the statute provides the necessary causal linkage with regard to alcohol, but does not do the same with drugs or other intoxicating substances. The court determined that there was no evidence of linkage to show that

2

any of the medications that Feasel admitted to taking are intoxicating substances or that they could or did cause the impairments demonstrated at the scene of the accident. The court stated that the mere taking of Prozac is not sufficient by itself to show that the impairments that were later observed were caused by it, that there was no proof to show that Prozac in sufficient quantities would cause impairment and that there was no proof that Feasel had even ingested a sufficient quantity. The district court ultimately reversed the hearing officer's order of suspension, ruling that the proof in this case was insufficient to state a legal cause to believe Feasel was driving under the influence of drugs or other intoxicating substances and ordered that the action be remanded to reinstate Feasel's driving privileges. The ITD appeals seeking reversal of the district court's decision.

## II.

## DISCUSSION

The Idaho Administrative Procedures Act (I.D.A.P.A.) governs the review of department decisions to deny, cancel, suspend, disqualify, revoke or restrict a person's driver's license. *See* I.C. §§ 49-330, 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under I.D.A.P.A., this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.,* 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, as long as the determinations are supported by substantial competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs,* 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall,* 137 Idaho at 340, 48 P.3d at 669.

A court may overturn an agency's decision where its findings, inferences, conclusions or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner

3

specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

The ALS statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed an evidentiary test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (b)      The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c)      The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code. . . .

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The interpretation of a statute is an issue of law over which we exercise free review. *Corder v. Idaho Farmway, Inc.*, 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct. App. 1999).

Idaho Code § 18-8002A(4)(a) states in relevant part:

> Upon receipt of the sworn statement of a peace officer that there existed a legal cause to believe a person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances and that the person submitted to a test and the test results indicated an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004 . . . the department shall suspend the person's driver's license. . . .

4

The ITD argues that for purposes of I.C. §§ 18-8002A(4) and 18-8004, the hearing officer can properly infer that a drug caused intoxication if evidence shows that there is some degree of impairment and that the test results indicate the presence of drugs or other intoxicating substances. As the district court noted, there is a different structure of proof under the statute when dealing with alcohol than there is when dealing with drugs. The statute sets forth a specific alcohol concentration in a driver's blood, breath or urine that is unlawful. *See* I.C. § 18-8004. This is not the case with drugs and other intoxicating substances. Contrary to the district court's interpretation, neither I.C. § 18-8002A(4) nor I.C. § 18-8004 requires that the state show the quantity or concentration of drugs in a driver's system and that such a quantity would cause impairment. Under the district court's interpretation, in drug cases, the state must show by test or expert testimony that ingestion of a particular drug in sufficient quantity caused impairment.

This Court rejected the quantification argument, albeit in a criminal action context, in *State v. Lesley*, 133 Idaho 23, 26, 981 P.2d 748, 751 (Ct. App. 1999). There, Lesley argued that under I.C. § 18-8004, the state was required to prove the quantity of drugs present in a person's bloodstream before the ability to drive will be impeded and that such quantity was present. *Lesley*, in essence, rejected this quantification requirement, stating:

> . . . [T]hat section . . . [makes] it a crime for a person to drive or be in actual physical control of the motor vehicle if the person "is under the influence of any . . . drug or any combination of alcohol and any drug to the degree which renders him incapable of safely driving a motor vehicle." I.C. § 18-8004(5) (1994). A violation turns upon the effect that the drugs or combination of drugs and alcohol have on the individual's ability to safely operate a vehicle, not upon any quantification of the amount of a drug in the bloodstream.

*Lesley*, 133 Idaho at 26, 981 P.2d at 751.

For the first time on appeal, Feasel argues that under I.C. § 18-8002A(7)(c), the hearing officer was strictly limited to consider only the results of the test and not any other circumstantial evidence. This argument was not presented to the hearing officer, but developed in the district court. In raising this argument, Feasel relies on *Reisenauer v. State Dep't. of Transp.*, 145 Idaho 948, 188 P.3d 890 (2008). In that case, our Supreme Court determined that a drug must be intoxicating in order for I.C. § 18-8002A to apply. Feasel argues that *Reisenauer* stands for the proposition that a hearing officer needs more than qualitative test results merely showing the presence of a drug to uphold a license suspension. However, Feasel misconstrues *Reisenauer* and its application to the instant case. There, it was concluded that the test need only indicate the

5

presence of intoxicating drugs. *Id.* at 951, 188 P.3d at 893. In the instant case, the hearing officer was correct to consider not only the test results indicating the presence of Prozac, but also the other evidence of the potential effects of Prozac and the other drugs.

Here, Feasel's urine test results indicated that Prozac was present in his system at the time of the accident. The label on the Prozac indicated it may cause drowsiness, it may impair or lessen the ability to drive or operate a car and the user should be familiar with the effects before driving. Feasel also admitted to taking other prescription medications having similar effects just prior to the accident. The officer observed, and the video tape of the encounter shows, Feasel had slurred speech, an impaired memory, seemed sleepy and failed the field sobriety tests. Based on the evidence presented at the suspension hearing, it was proper for the hearing officer to infer that Prozac, in combination with the other drugs ingested, caused intoxication and consequently impaired Feasel's ability to drive safely. Moreover, pursuant to I.C. § 18-8004(7), it is not a defense that a person charged with a violation of this statute has a history of past use of the drug or carries a valid prescription for the drug. *See also State v. Goerig*, 121 Idaho 108, 113, 822 P.2d 1005, 1010 (Ct. App. 1991) (The fact that Goerig was legally entitled to take lithium because it had been prescribed to him was not a defense to a charge of driving under the influence of intoxicants.). Accordingly, any of Feasel's claims that he had a valid prescription or had been using the medications together for some time without experiencing any problems are not defenses. By the statute's plain language, only the presence of drugs, not the quantity, must be established along with other competent evidence of impairment caused by the drugs.

## III.

## CONCLUSION

The district court erred by reversing the ITD's order suspending Feasel's driver's license. Feasel did not meet his burden of proof to establish any ground for vacating his suspension. The evidence before the hearing officer established that Feasel was operating a motor vehicle while under the influence of drugs. Accordingly, we reverse the district court's reversal of the administrative license suspension and affirm the suspension.

Chief Judge LANSING and Judge GRATTON **CONCUR**.

6