IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43918

| | | |
|---|---|---|
| **CRAIG WILLIAM HAWKINS,** | ) | **2016 Opinion No. 74** |
| | ) | |
| Petitioner-Respondent, | ) | **Filed: November 15, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **IDAHO TRANSPORTATION** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order of the district court on intermediate appeal vacating driver's license suspension, reversed and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for appellant.

Blewett Mushlitz LLP; Jonathan D. Hally, Lewiston, for respondent.

GUTIERREZ, Judge

The Idaho Transportation Department (ITD) appeals from the district court's order vacating the hearing officer's decision to sustain the suspension of Craig William Hawkins' driver's license. The ITD contends the district court erred in determining that the procedure utilized by the ITD violated Hawkins' constitutional right to procedural due process. We reverse the decision of the district court and remand.

I.

FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped a vehicle driven by Hawkins after observing that the vehicle's windshield was cracked. During the course of the stop, the officer came to suspect that Hawkins may be driving under the influence. The officer requested that Hawkins participate in field sobriety tests, which Hawkins refused. Hawkins was then transported to the county jail where he submitted two

1

blood alcohol concentration (BAC) breath samples measuring at 0.168 and 0.161. The ITD then administratively suspended Hawkins' license, pursuant to Idaho Code § 18-8002A, based upon his failure of evidentiary testing.

Hawkins filed a timely request for an administrative hearing to contest his license suspension. As part of that request, he asked the court to issue subpoenas for the production of the BAC instrument logs and calibration records and all audio and video recordings of the stop, detention, arrest, and administration of the breath test.

On April 23, 2015, the hearing officer issued a notice for a telephonic hearing to be held on May 4, 2015. On the same date, the hearing officer also issued two subpoenas duces tecum to the Lewiston Police Department requiring production of the requested evidence. Both subpoenas had compliance dates of May 5, 2015, one day after the scheduled hearing date. The subpoenas also specified that the evidence was to be sent via U.S. Mail to the ITD office in Boise, not to Hawkins or his attorney in Lewiston. On May 1, 2015, the ITD received a DVD from the Lewiston Police Department and mailed it to Hawkins on the same day.

A telephonic hearing was held on May 4, 2015. At this hearing, Hawkins argued his license suspension should be vacated on several statutory grounds, as required by and set forth in I.C. § 18-8002A(7). During the hearing, Hawkins objected to not having received the subpoenaed video recording of the arrest prior to the hearing.

In sustaining the administrative license suspension, the hearing officer found that the ITD's failure to provide Hawkins with the video recording prior to the hearing did not violate his right to due process, nor did it provide grounds for vacating the suspension. The hearing officer concluded that Hawkins failed to meet his burden of establishing, by a preponderance of the evidence, any of the statutory grounds for vacating the suspension.

In his petition for judicial review to the district court, Hawkins argued that his procedural and substantive due process rights were violated by the hearing officer's act of setting the subpoena compliance deadline for the day after the administrative hearing and by requiring the evidence to be mailed to the ITD's offices in Boise instead of to Hawkins. Hawkins also claimed that the arresting officer did not have legal cause to believe Hawkins was driving under the influence of alcohol. The district court did not address the issue of legal cause, instead finding the due process argument dispositive. The court held that the procedure utilized by the administrative hearing officer substantially burdened Hawkins' ability to make his case in violation of his constitutional right to

procedural due process. The district court vacated Hawkins' license suspension. The ITD now timely appeals.

## II.

## ANALYSIS

The ITD argues that the district court erred in vacating the decision of the administrative hearing officer. The Idaho Administrative Procedures Act (IDAPA) governs the review of the ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Bell v. Idaho Dep't of Transp.*, 151 Idaho 659, 663, 262 P.3d 1030, 1034 (Ct. App. 2011). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Bell*, 151 Idaho at 663, 262 P.3d at 1034. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Bell*, 151 Idaho at 663, 262 P.3d at 1034. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *In re Beyer*, 155 Idaho 40, 44, 304 P.3d 1206, 1210 (Ct. App. 2013).

A court may overturn an agency's decision where its findings, inferences, conclusions, or decisions violate statutory or constitutional provisions; exceed the agency's statutory authority; are made upon unlawful procedure; are not supported by substantial evidence in the record; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Bell*, 151 Idaho at 664, 262 P.3d at 1035. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

Hawkins maintains that the following processes employed by the ITD violated his right to procedural due process: (1) the hearing officer's act of setting the subpoena compliance date for the *day after the hearing*; (2) the hearing officer's mandate that the subpoenaed materials be mailed to

the ITD office in Boise instead of to Hawkins; and (3) the ITD's failure to provide the subpoenaed materials to Hawkins until after the hearing was completed. On the other hand, the ITD argues that Hawkins failed to demonstrate a deprivation of the process to which he was entitled and, relatedly, that any error in the process was invited by Hawkins through his acquiescence and failure to request a continuance. Hawkins contends that he could not have invited the error, as he was under no affirmative duty to remedy the fundamentally flawed process employed by the hearing officer.

We take this opportunity to point out that we have previously opined on the ITD's questionable process of setting subpoena compliance dates dangerously close to administrative hearing dates. In *Bell*, we warned that "the issuance of subpoenas with a compliance date set *the day before* an administrative hearing, and even then requiring delivery of the subpoenaed items to the ITD instead of the petitioner, may raise the possibility of a due process violation due to insufficient time to prepare." *Bell*, 151 Idaho at 666, 262 P.3d at 1037 (emphasis added). We acknowledged that "the hearing officer is entitled to conduct the proceedings in an efficient manner, but the practice of requiring compliance the day before a scheduled hearing is strongly discouraged." *Id.* at 666 n.2, 262 P.3d at 1037 n.2.

Then, in *Beyer*, we again criticized the ITD's practice of setting a subpoena compliance date on *the day of* the hearing. *Beyer*, 155 Idaho at 47 n.7, 304 P.3d at 1213 n.7. We stated, "We continue to strongly discourage this practice. We see no reason for this practice except to cause a disadvantage to the driver who has the burden of proof at the ALS hearing." *Id.*

Although the rules governing administrative license suspensions do not provide a specific time frame in which subpoenas must be complied with prior to an administrative hearing, we again admonish the ITD for engaging in such questionable practices. The suspension of issued drivers' licenses involves state action that adjudicates important interests of the licensees; therefore, drivers' licenses may not be taken away without procedural due process. *Dixon v. Love*, 431 U.S. 105, 112 (1977). The minimum constitutional due process requirements for administrative hearings are timely and adequate notice and an opportunity to be heard that is meaningful and appropriate to the nature of the case. *Bell v. Burson*, 402 U.S. 535, 541-42 (1971). It stands to reason that to effectuate a meaningful defense against an administrative license suspension for a violation under I.C. § 18-8002A, a driver should have sufficient prehearing access to the very evidence deemed relevant enough to warrant the issuance of a subpoena by the very administrative hearing officer deciding the case.

However, in the case at hand, we need not reach the issue of the purported due process violation or whether Hawkins invited the error, as Hawkins has failed to establish that he was prejudiced by the agency's actions. To challenge the agency's decision, Hawkins was required to demonstrate that the agency acted improperly pursuant to I.C. § 67-5279(3) *and* that he was prejudiced as a result. *See Price*, 131 Idaho at 429, 958 P.2d at 586. Claims of prejudice must be specific and particularized, as error will not be presumed, but must be affirmatively shown. *See Beyer*, 155 Idaho at 48, 304 P.3d at 1214. To establish prejudice in the context of a party's challenge to an administrative license suspension, a party must allege more than the mere possibility that evidence might have revealed something incriminating or discrediting or would have been helpful for preparation. *See id.*

In *Beyer*, this Court considered whether Beyer was prejudiced in his ability to prepare for the administrative hearing where the video recording of the underlying traffic stop was not ordered produced until the day of the hearing. *Id.* at 48, 304 P.3d at 1214. Although this Court did not decide the issue of whether the timeline for production of the video constituted a due process violation, we nonetheless addressed Beyer's argument that he was prejudiced in his ability to prepare for the hearing due to the video's absence. *Id.* Beyer argued that "having a video of the entire contact . . . would have been immensely important for the preparation of issues and preparation for examination of the arresting officer." *Id.* We held that Beyer's statements were insufficient to establish prejudice, as he did not indicate what additional questions he would have asked or what other evidence may have been produced had he possessed the video prior to the hearing. *Id.*

Similar to *Beyer*, Hawkins asserts he was harmed by not having sufficient ability to prepare for the hearing due to not having received the subpoenaed video recording. Hawkins argues that by not having the video prior to the hearing, he was deprived of key evidence that could have been used to challenge any claims that the officer had legal cause to believe Hawkins was driving under the influence. Hawkins appears to contend that because the hearing officer found the testimony of the arresting officer to be more credible than Hawkins' testimony, he was prejudiced by not being able to use the video recording to discredit the officer. This basis for prejudice is bare and conclusory. Hawkins makes no mention of how the video would have discredited the officer's sworn testimony. To accept Hawkins' claim of prejudice, we would be required to assume that the video recording contradicts the arresting officer in a manner significant enough to discredit the

5

veracity of his testimony. The mere possibility that the video recording might have revealed facts that would discredit the arresting officer is not sufficient to establish actual prejudice. The only hint in the record at a possible contradiction between the video and the officer's testimony came from Hawkins' request to the hearing officer that, before rendering his decision, he "review [the video recording] to see whether or not the officer was following behind [Hawkins] or did a U-turn to go after him." However, Hawkins makes no argument as to why such a distinction is significant or damaging to the credibility of the arresting officer. Just as Beyer's assertion that he was unable to adequately prepare a defense was insufficient to establish prejudice, Hawkins' identical assertion is likewise insufficient.

Moreover, based upon our review of the record, we find no evidence of actual prejudice. Prior to the hearing, Hawkins had been provided the arrest and incident reports relevant to the traffic stop and breath test, as required under IDAPA 39.02.72.200.01(b). During the hearing, Hawkins was able to cross-examine the arresting officer about the events leading up to the traffic stop as well as the arresting officer's observations of Hawkins during the encounter. Both inquiries were relevant to the hearing officer's determination that Hawkins did not meet his burden of showing that the arresting officer lacked cause to justify the stop or his belief that Hawkins was driving under the influence.

Hawkins' bare and conclusory assertion that not having the video recording prior to the hearing impeded his ability to prepare for the hearing is insufficient to show prejudice. Thus, the district court erred in overturning the agency's decision without the requisite showing of prejudice by Hawkins.

### III.

### CONCLUSION

Hawkins failed to prove that he was prejudiced by not having the video recording before the administrative hearing date. Therefore, the district court's decision vacating Hawkins' administrative license suspension is reversed. We remand for further proceedings before the district court for resolution of Hawkins' argument that there was no legal cause to believe he was operating a vehicle in violation of I.C. § 18-8004. Costs, but not attorney fees, are awarded to the appellant, the ITD.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.