IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 45798/45799

| | |
|---|---|
| THAD EUGENE KERN, an individual, | ) |
| | ) Filed:  December 21, 2018 |
| Petitioner-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| IDAHO TRANSPORTATION | ) OPINION AND SHALL NOT |
| DEPARTMENT, | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Jon J. Shindurling, District Judge.

Decision of the district court, acting in its appellate capacity, vacating the administrative suspension of driver's license, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Timothy J. Stover, Special Deputy Attorney General, Twin Falls, for appellant.  Timothy J. Stover argued.

Rands Law, PLLC; Tyler Rands, Twin Falls, for respondent.  Tyler Rands argued.

_____

GRATTON, Chief Judge

The Idaho Transportation Department (ITD) appeals from the decision of the district court vacating the hearing officer's order to sustain the suspension of Thad Eugene Kern's driver's license.  The ITD argues that the hearing officer's decision to sustain Kern's license suspension was based on substantial evidence and the district court overstepped its statutory authority in vacating Kern's license suspension.  For the reasons set forth below, we reverse the decision of the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Kern was involved in a motor vehicle accident and was subsequently arrested for suspicion of driving under the influence.  Officers responded to the scene and questioned Kern

1

about the accident. Kern admitted that he had alcoholic beverages earlier that day and had taken prescription medications which were prescribed to him for a prior injury. According to the arresting officer, Kern smelled faintly of alcohol, had slow responses to questions, had difficulty balancing, and had glassy eyes. The officer attempted to administer standardized field sobriety testing but abandoned the attempt because of safety concerns. Thereafter, the officer placed Kern under arrest and transported him to the jail for further testing. While at the jail, Kern underwent a breathalyzer test which produced a blood alcohol level of zero. Additionally, Kern submitted to a blood draw which revealed the presence of Carisoprodol, Meprobamate, and Oxycodone.

As a consequence of the evidentiary test results and pursuant to Idaho Code § 18-8002A, the ITD issued an administrative license suspension of Kern's commercial driver's license privileges for one year and his remaining driving privileges for ninety days. Kern timely filed a request for an administrative hearing to contest his license suspension. After a telephonic hearing, the ITD hearing officer concluded that Kern failed to meet his burden of establishing any statutory grounds for vacating the suspension. The hearing officer upheld Kern's suspension and Kern filed for judicial review of the hearing officer's decision with the district court. The district court vacated the suspension, finding that the accident occurred as a result of Kern's texting while driving. The district court further held that the hearing officer's decision was not supported by substantial and competent evidence that Kern's accident was the result of his impairment. The ITD timely appeals.

## II.

## ANALYSIS

The ITD argues that the district court erred in vacating the decision of the administrative hearing officer. Kern argues that the district court was correct in vacating the hearing officer's decision as it was not based on substantial evidence, was an abuse of discretion, and a violation of procedural due process. The Idaho Administrative Procedures Act (IDAPA) governs the review of the ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court, acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute

2

its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. Instead, this Court defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions violate statutory or constitutional provisions; exceed the agency's statutory authority; are made upon unlawful procedure; are not supported by substantial evidence in the record; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

A.    **Substantial Evidence**

The ITD argues that the hearing officer's decision was based on substantial evidence on the record and the district court overstepped its statutory authority in vacating the hearing officer's decision. Kern argues that the hearing officer failed to adequately consider mitigating evidence and the suspensions are not supported by substantial evidence on the record as a whole. Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014).

The administrative license suspension requires that the ITD suspend the driver's license of a driver who has failed an evidentiary test administered by a law enforcement officer. I.C. § 18-8002A. A person who has been notified of such an administrative license suspension may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove

3

any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. Idaho Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code;
> (c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7).

Here, Kern had the burden of proof at the administrative hearing to show that the drugs were not intoxicating. *See Idaho Transp. Dep't. v. Van Camp*, 153 Idaho 585, 587, 288 P.3d 802, 804 (2012). The hearing officer considered all five grounds enumerated in I.C. § 18-8002A(7) for vacating Kern's suspension and found that Kern did not carry his burden. The hearing officer's findings were based on substantial evidence. This case is virtually indistinguishable from *Feasel v. Idaho Transp. Dep't*, 148 Idaho 312, 316, 222 P.3d 480, 484 (Ct. App. 2009). As was the case in *Feasel*, Kern's blood test results indicated that various drugs were in his system at the time of the accident. *Id.* Like *Feasel*, the labels of these drugs indicate that they may cause drowsiness, may impair the ability to operate a vehicle, and the user should be familiar with the effects before driving. *Id.* In addition, and similar to *Feasel*, Kern admitted to taking these drugs on the day of the accident and the arresting officer observed Kern's slowed speech, delayed responses, and difficulty balancing. *Id.* Kern argues that the hearing officer failed to consider mitigating evidence. Specifically, Kern argues that the arresting officer's affidavit possessed inconsistencies because the officer noted that he could smell alcohol on Kern but Kern's breathalyzer test revealed a blood alcohol level of zero. He further argues that the

officer's affidavit improperly refers to some other individual, and thus the officer lacks credibility. Additionally, Kern asserts that the hearing officer failed to give adequate weight to a letter Kern submitted from his doctor. However, the hearing officer considered all of this evidence and we will not substitute our judgment for the agency as to the weight of evidence presented. *See* I.C. § 67-5279(1). The hearing officer's factual determinations are binding, even where there is conflicting evidence, so long as supported by substantial and competent evidence. *Urrutia*, 134 Idaho at 357, 2 P.3d at 738.[1] Based on the evidence presented at the suspension hearing, it was proper for the hearing officer to infer that the drugs in Kern's system caused intoxication and consequently impaired Kern's ability to drive safely. *See Feasel*, 148 Idaho at 316, 222 P.3d at 484.

Although Kern argues that he had a valid prescription and could not have been impaired by these drugs,

> [i]t is not a defense that a person charged with a violation of this statute has a history of past use of the drug or carries a valid prescription for the drug. . . . Accordingly, any of [Kern's] claims that he had a valid prescription or had been using the medications together for some time without experiencing any problems are not defenses. By the statute's plain language, only the presence of drugs, not the quantity, must be established along with other competent evidence of impairment caused by the drugs.

*Id*. Kern did not meet his burden under I.C. § 18-8002A(7) to establish any ground for vacating his suspension.

The ITD argues that the district court improperly applied the criminal statute, I.C. § 18-8004, thereby placing the burden on the ITD rather than on Kern. Additionally, the ITD asserts that the district court relied on facts not at issue and made additional factual findings beyond its statutory authority. We agree. The district court held:

> Although the officer voices observations of impairment, when taken into full context, the evidence does not establish whether the observations are due to drugs as opposed to stress of the accident, weather conditions, or confusion of being arrested or interrogated. The accident was caused by texting while driving, the scene was very slick and snowy, the temperature was cold, and the amount of

---

[1] Kern asserted at oral argument that the hearing officer's findings are deficient because they do not expressly discuss both sides of the conflicting evidence. However, Kern fails to point to binding authority which requires such detailed findings and the issue was not raised on appeal. While we make no determination of any asserted deficiency in the findings in this case, we note, generally, that discussion of the conflicting evidence assists in appellate review and serves to prevent claims of "rubber-stamping."

traffic and sheer dangerousness of the situation led to the abandonment of the field sobriety tests. While there is some evidence of speech and cognitive difficulty, there is substantial evidence which shows such may well have been caused not by drugs, but by the conditions of the scene and circumstances of the arrest. Without substantial evidence showing that Kern's impairment was caused by drugs, the license suspension and disqualification cannot stand.

In so holding, the district court incorrectly applied the criminal statute, and hence incorrect standard, and placed the burden on the ITD to show that Kern's impairment was caused by drugs. However, it is Kern's burden to show, by a preponderance of the evidence, a ground under I.C. § 18-8002A(7) for vacating his suspension. Furthermore, although factual findings based on substantial and competent evidence are binding on a reviewing court, the district court made factual findings (the cause of the accident and the extent of impairment) outside the scope of the limited standards that apply to it on review. *See Urrutia*, 134 Idaho at 357, 2 P.3d at 742. The hearing officer's order was based on substantial evidence and the district court improperly vacated the hearing officer's decision.

## B. Abuse of Discretion

Kern argues that the hearing officer abused its discretion by sustaining Kern's license suspension because the officer failed to consider mitigating evidence. When a discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

As an initial matter, Kern's abuse of discretion challenge is fatally defective because he fails to indicate which of the three prongs of the abuse of discretion analysis he believes was implicated by the hearing officer's decision to uphold Kern's suspension. *See Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Regardless of this fatal defect and for the reasons set forth above, the hearing officer determined that Kern did not meet his burden of proof to establish any ground for vacating his suspension and those findings were not clearly erroneous. The hearing officer did not abuse his discretion in upholding Kern's suspension.

## C. Due Process

Kern argues that his right to due process was violated because he did not have a fair opportunity to defend against the State's accusations. Specifically, Kern asserts that he was

6

denied a meaningful opportunity to rebut the contents of the arresting officer's affidavit of probable cause because there was no audio or video recording of the encounter with the arresting officer. In arguing a violation of due process, Kern sets forth a three-factor test that he asserts we must consider in determining how much process Kern is due:

> First the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Kern argues that, considering these factors, he was denied due process because (1) Idaho courts have already determined that license suspensions invoke a protected private interest, (2) there is a high risk of erroneous deprivation when the officer on the scene is both the investigator and the judge, and (3) there is almost no burden on law enforcement to require that they record these interactions.

Kern has failed to demonstrate that he was denied due process. Kern does not cite to one case, and we found none, in which a court has found that, for due process purposes, a police officer is required to record an interaction with a citizen so that recording could potentially be used to rebut the officer's affidavit. Kern assures this Court that he is not advocating for a universal procedural due process requirement that all law enforcement encounters be recorded to allow citizens an opportunity to rebut a police report, but Kern asserts that he should have been entitled to this non-existent recording here. However, Kern is unable to show that his case is unique, or to show that such a broad rule would not apply to all cases moving forward.[2]

The ITD argues that Kern was not denied due process because he was given a fair hearing in front of an impartial tribunal. The ITD sets forth the requirements for due process as follows:

---

[2] To the extent that Kern is arguing that he was prejudiced by the agency, this Court has stated, "To establish prejudice in the context of a party's challenge to an administrative license suspension, a party must allege more than the mere possibility that evidence might have revealed something incriminating or discrediting or would have been helpful for preparation." *See Hawkins v. Idaho Trans. Dep't*, 161 Idaho 173, 177, 384 P.3d 420, 424 (Ct. App. 2016). Kern's bare assertion that a recording may have provided key evidence to rebut the affidavit of the arresting officer is not specific and particularized so as to establish actual prejudice. We will not assume a recording that does not exist would contradict the arresting officer, and Kern fails to point to any reason that a contradiction exists.

7

"The minimum constitutional due process requirements for administrative hearings are timely and adequate notice and an opportunity to be heard that is meaningful and appropriate to the nature of the case." We agree. Kern received timely and adequate notice of his license suspension. He had a meaningful opportunity to be heard by the hearing officer and to rebut the officer's affidavit with his own testimony and evidence. Moreover, Kern was not denied access to any evidence that actually existed. Consequently, Kern's due process claim fails.

**D.      Attorney Fees**

Finally, Kern requests costs and attorney fees on appeal. However, Kern is not entitled to costs and fees because he did not prevail in this appeal. *See* Idaho Appellate Rule 40(a).

### III.

### CONCLUSION

The district court erred by reversing the hearing officer's order suspending Kern's driver's license. Therefore, we reverse the decision of the district court.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.