83 P.3d 130

**In the Matter of the Driving Privileges of Michael Peter Kane.**

**Michael Peter KANE, Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 29103.

Court of Appeals of Idaho.

Oct. 27, 2003.

Review Denied Jan. 16, 2004.

Clark Feeney, Lewiston, for appellant. Douglas Lynn Mushlitz argued.

Hon. Lawrence G. Wasden, Attorney General; Edwin Lee Litteneker, Deputy Attorney General, Boise, for respondent. Edwin Lee Litteneker argued.

LANSING, Chief Judge.

Michael Peter Kane appeals from a judgment of the district court which affirmed an administrative hearing officer's determination that the Idaho Transportation Department (ITD) had properly suspended Kane's driver's license. The appeal draws into question the proper interpretation and application of Idaho statutes that authorize the suspension of a driver's license by the ITD when the license holder has failed an alcohol concentration test.

## I.

### THE STATUTORY FRAMEWORK

The statutory scheme in question provides that when a driver has failed a test administered by a law enforcement officer for the determination of alcohol concentration in the driver's breath, blood or urine, and the ITD has been properly notified of this fact, the ITD must suspend the individual's driver's license. The procedures to be followed by law enforcement personnel and the ITD are set forth in Idaho Code § 18–8002A. That section provides that if a test indicates an alcohol concentration in excess of statutory limits, the officer must take possession of the person's driver's license, issue a temporary driving permit valid for a period not exceeding thirty days, and serve the person with a notice of suspension of his driver's license. I.C. § 18–8002A(5)(a). Section 18–8002A(5)(b) specifies the manner in which the law enforcement officer is to notify the ITD:

(b) Within five (5) business days following service of a notice of suspension the peace officer shall forward to the department a copy of the completed notice of suspension form upon which the date of service upon the driver shall be clearly indicated, a copy of any completed temporary permit form along with any confiscated driver's license, and a sworn statement of the officer, which may incorporate any arrest or incident reports relevant to the arrest and evidentiary testing setting forth:

(i) The identity of the person;

(ii) Stating the officer's legal cause to stop the person;

(iii) Stating the officer's legal cause to believe that the person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions

of section 18–8004, 18–8004C or 18–8006, Idaho Code;

(iv) That the person was advised of the consequences of taking and failing the evidentiary test as provided in subsection (2) of this section;

(v) That the person was lawfully arrested;

(vi) That the person was tested for alcohol concentration, drugs or other intoxicating substances as provided in this chapter, and that the results of the test indicated an alcohol concentration or the presence of drugs or other intoxicating substances in violation of the provisions of section 18–8004, 18–8004C or 18–8006, Idaho Code.

A certified copy or duplicate original of the results of all tests for alcohol concentration, as shown by analysis of breath administered at the direction of the peace officer shall accompany the sworn statement of the officer. If an evidentiary test of blood or urine was administered rather than a breath test, the peace officer or the department shall serve the notice of suspension once the results are received. The sworn statement required in this subsection shall be made on forms in accordance with rules adopted by the department.

Upon receipt of such documentation from a law enforcement officer, the ITD must suspend the person's driver's license. I.C. § 18–8002A(4)(a). The period of suspension is ninety days for the driver's first failure of evidentiary testing and one year for a second or any subsequent failure of evidentiary testing within five years. *Id.*

A person who has been served with a notice of suspension after submitting to an evidentiary test may request a hearing, before a hearing officer designated by the ITD, to contest the suspension. I.C. § 18–8002A(7). The grounds upon which an administrative license suspension for failure of a BAC test may be set aside by the hearing officer are set out in I.C. § 18–8002A(7) as follows:

The hearing officer shall not vacate the suspension unless he finds, by a preponderance of the evidence, that:

(a) The peace officer did not have legal cause to stop the person; or

(b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18–8004, 18–8004C or 18–8006, Idaho Code; or

(c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18–8004, 18–8004C or 18–8006, Idaho Code; or

(d) The test for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18–8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

## II.

## FACTUAL BACKGROUND

This statutory framework came into play in the present case after Kane was stopped by Officer Erickson of the Lewiston Police Department, who observed Kane's vehicle go through an intersection in disregard of a red light. Officer Erickson noticed that the odor of alcohol was coming from Kane's person, that Kane's speech was slurred, and that his eyes were red. Kane admitted that he had consumed between two and six beers and felt "tipsy." Erickson asked Kane to perform field sobriety tests, but Kane would agree only to a horizontal gaze nystagmus test, which revealed eye movements consistent with intoxication. Erickson placed Kane under arrest for driving under the influence of alcohol (DUI) and transported him to the county jail, where Kane was asked to submit to a breathalyzer test. Kane said that he had been exposed to paint fumes earlier that day, so Erickson suggested a blood test instead, and Kane agreed. Two blood samples

were taken and forwarded to the Idaho State Police Forensic Services Lab in Coeur d'Alene. Kane was served with a complaint and summons charging him with DUI, but because the blood test results were still pending, Erickson did not seize Kane's driver's license.

Erickson filled out an "Affidavit Supporting Initial Determination of Probable Cause Pursuant to I.C.R. 5(c)" dated October 27, 2001, the day of the arrest, and forwarded it to the ITD to comply with the reporting requirements of I.C. § 18–8002A(5)(b). The subsequent laboratory analysis of Kane's blood sample revealed a blood alcohol content of more than twice the legal limit. The report of this test result was forwarded to the ITD, which received it on December 10, 2001. On December 22, 2001, the ITD served Kane with a notice that his license was administratively suspended because of the blood test results. Because records indicated that Kane's license had been similarly suspended at least once within the previous five years, the suspension period was one year pursuant to I.C. § 18–8002A(4).

Kane requested a hearing to contest the suspension pursuant to I.C. § 18–8002A(7). At this administrative hearing Kane's attorney presented several challenges to the suspension, including contentions that the administrative license suspension was invalid because: (1) Officer Erickson's affidavit submitted to the ITD was on the wrong form and thus did not meet the requirement of I.C. § 18–8002A(5) that the sworn statement be made "on forms in accordance with rules adopted by the department"; (2) in addition to being on the wrong form, Officer Erickson's affidavit did not contain all of the information required by I.C. § 18–8002A(5); and (3) the one-year suspension could not be upheld without the original documents of record showing Kane's prior suspensions. Kane offered no testimony at the hearing and relied solely on his counsel's argument.

The hearing officer upheld the one-year suspension, concluding that Officer Erickson's affidavit did comply with statutory requirements and that the length of suspension was not subject to the hearing officer's review under I.C. § 18–8002A(7).

Kane petitioned for judicial review of the hearing officer's decision pursuant to I.C. § 18–8002A(8). The district court affirmed the decision of the hearing officer. On further appeal to this Court, Kane contends that the hearing officer and the district court erred in holding that Officer Erickson complied with the sworn statement requirements of I.C. § 18–8002A(5). He also argues that, even if suspension was proper, enhancement of the suspension to one year must be disallowed because the evidence before the hearing officer was insufficient to prove a basis for an enhancement.

### III.

### ANALYSIS

■ Idaho Code § 18–8002A(8) authorizes judicial review of a hearing officer's decision on an administrative license suspension in the manner provided for judicial review of final agency actions under the Idaho Administrative Procedures Act, chapter 52, title 67, Idaho Code. Upon such judicial review, the hearing officer's decision must be affirmed unless the court finds that the hearing officer's findings or conclusions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) not supported by substantial evidence on the record as a whole; or

(e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67–5279(3). On appeal, this Court reviews the record made before the hearing officer independently from the district court's decision. *Marshall v. Idaho Transp. Dep't*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct.App. 2002). No factual dispute is raised in this appeal; the questions presented are purely issues of law.

### A. Validity of the Suspension

We consider first Kane's argument that his suspension is invalid because the documents that were sent to the ITD by Officer Erickson, and introduced into evidence at the ad-

ministrative hearing, did not comply with the requirements of I.C. § 18–8002A(5)(b) and associated rules and forms adopted by the ITD. Because of the deficiency in the documentation presented to the hearing officer, Kane argues, the State failed to demonstrate at the administrative hearing that the suspension of his driver's license was justified.

We conclude that Kane's argument suffers from two misconceptions—it misperceives both the permissible grounds for a challenge to a license suspension under § 18–8002A(7) and the burden of proof at the administrative hearing.

■ First, Kane's complaints that Officer Erickson's affidavit and other documents forwarded to the ITD did not comply with the statutory and regulatory requirements presupposes that such a failure is a ground upon which a license suspension may be challenged in an administrative hearing under I.C. § 18–8002A(7). This supposition disregards the plain language of that statute, which enumerates five grounds upon which a hearing officer may vacate a license suspension, none of which concern the adequacy of documentation sent to the ITD by the initiating law enforcement officer. Section 18–8002A(7) specifies that the hearing officer "shall not vacate the suspension unless he finds" one of the five enumerated bases to set aside a suspension. Therefore, a hearing officer is not authorized to vacate a suspension based upon technical flaws in documents delivered to the ITD.

■ Kane's second contention is that because of their nonconformity with certain requirements of the statutes and regulations, the documents sent by Officer Erickson did not prove legal cause to stop his car or prove that the blood alcohol test was properly administered. This argument misperceives the burden of proof at the hearing. It was not the ITD's burden at the administrative hearing to prove legal cause for the stop, to prove the reliability of the blood alcohol tests, or to disprove any of the possible grounds for challenging a suspension under § 18–8002A(7). To the contrary, the statute directs that "[t]he burden of proof shall be on the person requesting the hearing." I.C. § 18–8002A(7). Thus, it was Kane's burden to present evi-

dence affirmatively showing one or more of the grounds for relief enumerated in § 18–8002A(7). That is, it was his burden to prove that, *in fact,* the officer lacked legal cause to stop Kane's vehicle or that the blood test was, *in fact,* not conducted in accordance with legal requirements. This burden is not met by merely showing that documents in the hands of the ITD are inadequate or inadmissible to reveal whether legal cause existed or whether the blood test was conducted properly. Kane presented no evidence to meet his burden; his challenge to the suspension consisted solely of a technical attack upon the adequacy of the ITD's documentation. Because Kane made no prima facie showing, the ITD had no burden to present any evidence at all to the hearing officer.

Perhaps flaws in documents submitted to the ITD could render them inadmissible or inadequate to rebut a petitioner's prima facie proof of one of the five statutory grounds to vacate a suspension, but that is a question that we need not decide today because Kane failed entirely to meet his initial burden to go forward with evidence proving some basis for relief.

## B. Duration of Suspension

■ Kane also argues that even if he is not entitled to have his license suspension vacated, the period of suspension should be reduced from one year to ninety days because the ITD failed to submit admissible evidence at the hearing to prove that Kane's license had been previously suspended within the past five years. This argument, like Kane's argument concerning the validity of the suspension, is based on the incorrect premise that the burden of proof at the administrative hearing lay on the ITD.

At the administrative hearing, the State offered into evidence records showing a previous suspension of Kane's license. Kane objected that those documents were inadmissible because they were not originals and because an adequate evidentiary foundation had not been laid to show that they referred to the same Michael Kane. The hearing officer excluded the records of the prior suspension, but not on the basis of inadequate authentication or foundation. Rather, the hearing officer concluded that the records

were irrelevant because I.C. § 18–8002A(7) did not give the hearing officer jurisdiction to alter the length of a license suspension.

Kane argues that he was denied due process by the hearing officer's refusal to consider a challenge to the length of the suspension. This contention is without merit inasmuch as Kane made no attempt to introduce any evidence to show that the one-year suspension was in error. The transcript of the hearing shows that Kane specifically disclaimed any intent to present testimony or other evidence. Therefore, even if the hearing officer's jurisdiction encompassed authority to reduce the suspension period (a matter that we do not decide), the hearing officer's contrary conclusion did not prejudice Kane because Kane's challenge to the suspension enhancement failed for lack of evidence.

## IV.

### CONCLUSION

Kane has not shown that the district court erred in affirming the decision of the hearing officer upholding the suspension of Kane's license for one year. Therefore, the judgment of the district court is affirmed.

Judge GUTIERREZ and Judge Pro Tem SCHWARTZMAN concur.