# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38502

| | | |
|---|---|---|
| IN THE MATTER OF THE DRIVER'S LICENSE SUSPENSION OF MICHAEL SHERMAN MECHAM. | ) ) ) | |
| MICHAEL SHERMAN MECHAM, | ) ) | 2012 Unpublished Opinion No. 420 |
| Petitioner-Appellant, | ) ) | Filed: March 29, 2012 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

District court decision affirming administrative suspension of driver's license, affirmed.

Swafford Law, P.C., Idaho Falls, for appellant. Larren K. Covert argued.

Harrison Law, Idaho Falls, for respondent. Alan R. Harrison argued.

_____

WALTERS, Judge Pro Tem

Michael Sherman Mecham appeals from the district court's appellate memorandum decision entered on judicial review affirming an Idaho Transportation Department (ITD) hearing officer's order administratively suspending his driver's license. We affirm.

## I.

## BACKGROUND

Shortly before midnight on June 1, 2010, Deputy Flegel of the Bingham County Sheriff's Department observed a vehicle on the side of the road with its lights on. Flegel stopped to investigate and found Mecham passed out in the driver's seat. Flegel roused Mecham and administered field sobriety tests, which Mecham failed, and he was arrested for driving under the influence of alcohol in violation of Idaho Code § 18-8004. At the jail, Mecham consented to a

1

breath test, taken on an Intoxilyzer 5000EN. The test showed breath alcohol concentrations of .155 and .158 and Mecham's driver's license was administratively suspended. He appealed this suspension to the ITD. Following a hearing, an ITD hearing officer sustained the license suspension. Mecham filed a petition for review of the hearing officer's decision by the district court. The district court affirmed the suspension order, and Mecham now appeals.

## II.

## LEGAL STANDARDS

Idaho Code § 18-8002A(4) directs the ITD to suspend the driver's license of any driver who fails an alcohol concentration test. A driver whose license has been suspended may request a hearing to contest the suspension before a hearing officer designated by the ITD. I.C. § 18-8002A(7). In the administrative hearing, the burden of proof rests upon the driver to prove grounds sufficient to vacate the suspension. I.C. § 18-8002A(7); *In re Suspension of Driver's License of Gibbar*, 143 Idaho 937, 942, 155 P.3d 1176, 1181 (Ct. App. 2006); *In re Mahurin*, 140 Idaho 656, 658, 99 P.3d 125, 127 (Ct. App. 2004); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless the officer finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in Idaho Code § 18-8002A(7) for vacating the suspension. These grounds include:

> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> . . . .
> (d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered. . . .

The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Gibbar*, 143 Idaho at 942, 155 P.3d at 1181; *Mahurin*, 140 Idaho at 658, 99 P.3d at 127; *Kane*, 139 Idaho at 589, 83 P.3d at 133. Upon judicial review, a hearing officer's decision must be affirmed unless the court determines that the hearing officer's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of statutory authority of the agency; (c) made upon unlawful procedure;

2

(d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The reviewing court may not substitute its judgment for that of the hearing officer as to the weight of the evidence on questions of fact. I.C. § 67-5279(1). In an appeal from a district court's decision where the district court was acting in its appellate capacity over an agency, this Court will review the agency record independently of the district court's decision. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998).

## III.

## ANALYSIS

If a hearing officer finds, by a preponderance of the evidence, that "the officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol,"[1] a license suspension for failure of an evidentiary test for alcohol concentration must be vacated. At the administrative hearing, Mecham contended that his suspension should be vacated because the agency record did not establish that he was in actual physical control of the vehicle when Deputy Flegel encountered him parked alongside the road. More specifically, he asserted that in order to be in "actual physical control" of the vehicle as statutorily defined, he had to be in the driver's position of a motor vehicle with the engine running[2] and because the deputy's arrest report did not affirmatively state that the engine of his vehicle was running, he should prevail.

The hearing officer disagreed. The agency record before the hearing officer in this case included the deputy's affidavit stating that actual physical control of the vehicle by Mecham was based upon "observation by officer." Attached to the affidavit was the deputy's written arrest report. The hearing officer, recognizing that Mecham bore the burden to prove a ground for vacation of the suspension, held that because Mecham did not submit any affirmative evidence that the vehicle was not running, the deputy's affidavit recounting that "he established actual physical control is uncontroverted in this record." On these findings, the hearing officer denied relief.

---

[1] *See* Idaho Code § 18-8002A(7)(b).

[2] *See* Idaho Code § 18-8002A(1)(a).

On appeal, Mecham asserts that the hearing officer's findings were not based on substantial and competent evidence because, he says, there was *no* evidence in the record establishing that the engine was running. We disagree, because the deputy's affidavit is evidence. The ITD suspends a driver's license or privileges upon receipt of an officer's "sworn statement" that there existed legal cause to believe a person was driving or was in actual physical control of a vehicle while under the influence of alcohol. I.C. § 18-8002A(4)(a). That sworn statement, or affidavit, is admissible at an administrative hearing challenging a suspension. I.C. § 18-8002A(7); *Wheeler v. Idaho Transp. Dep't*, 148 Idaho 378, 383, 223 P.3d 761, 766 (Ct. App. 2009). Thus, the deputy's affidavit was admissible evidence on the question of whether the engine was running, and Mecham's assertion otherwise is without merit.

Perhaps more importantly, Mecham's argument fails to appreciate that, at his administrative hearing challenging the suspension of his driver's license, the ITD did not have the burden to prove that there existed legal cause for the deputy to believe that Mecham was in actual physical control of the vehicle. Instead, Mecham bore the burden of proving one or more of the statutory grounds for vacating a suspension. *See* I.C. § 18-8002A(7) ("The burden of proof shall be on the person requesting the hearing.") Mecham attended the hearing but did not testify, and he presented no other fact witnesses at the hearing.[3] Mecham's failure to present affirmative evidence at the hearing, under the circumstances here, was fatal to his claim. As we stated in *Kane*, 139 Idaho at 590, 83 P.3d at 134 (emphasis in original):

> Kane's second contention is that because of their nonconformity with certain requirements of the statutes and regulations, the documents sent by Officer Erickson did not prove legal cause to stop his car or prove that the blood alcohol test was properly administered. This argument misperceives the burden of proof at the hearing. It was not the ITD's burden at the administrative hearing to prove legal cause for the stop, to prove the reliability of the blood alcohol tests, or to disprove any of the possible grounds for challenging a suspension under § 18-8002A(7). To the contrary, the statute directs that "[t]he burden of proof shall be on the person requesting the hearing." I.C. § 18-8002A(7). Thus, it was Kane's burden to present evidence affirmatively showing one or more of the grounds for relief enumerated in § 18-8002A(7). That is, it was his burden to prove that, *in fact,* the officer lacked legal cause to stop Kane's vehicle or that the blood test was, *in fact,* not conducted in accordance with legal requirements. This burden is not met by merely showing that documents in the hands of the ITD are inadequate

---

[3]    Mecham presented the testimony of an "expert" who explained why certain documents in the agency record were, in his opinion, insufficient to prove certain matters.

or inadmissible to reveal whether legal cause existed or whether the blood test was conducted properly. Kane presented no evidence to meet his burden; his challenge to the suspension consisted solely of a technical attack upon the adequacy of the ITD's documentation. Because Kane made no prima facie showing, the ITD had no burden to present any evidence at all to the hearing officer.

Perhaps flaws in documents submitted to the ITD could render them inadmissible or inadequate to rebut a petitioner's prima facie proof of one of the five statutory grounds to vacate a suspension, but that is a question that we need not decide today because Kane failed entirely to meet his initial burden to go forward with evidence proving some basis for relief.

Similarly, in *Mahurin*, 140 Idaho at 660, 99 P.3d at 129 (footnote omitted) (emphasis in original), this Court held:

Next, we address Mahurin's contention that the maintenance logs that were produced and placed in evidence showed that the calibration check solution for the Intoxilyzer 5000 had not been changed within the preceding month as prescribed in the manual. According to Mahurin, the directive in the Intoxilyzer 5000 manual that "solutions should be changed approximately every 100 calibration checks or every month whichever comes first," creates a strict requirement that solutions be changed no less than every thirty days. The hearing officer concluded that the language relied upon by Mahurin was recommendatory, not mandatory, and inferred that a solution change occurred on May 30 when the equipment was placed in service. On appeal, Mahurin contends that the hearing officer's interpretation of the manual was incorrect and that the inference drawn by the hearing officer is unsupported by the evidence.

We need not decide the merit of either of Mahurin's contentions because on the record presented, Mahurin failed to meet his burden to prove that the calibration check solution was *not* changed when the equipment was placed back in service on May 30. Mahurin's argument is predicated on a misperception that the ITD bore the burden of proof at the hearing to show that the equipment was properly calibrated and maintained. To the contrary, as noted above, the person requesting a hearing on a license suspension bears the burden under I.C. § 18-8002A(7)(b) to prove one of the enumerated grounds to vacate the suspension. Hence, if the evidentiary record is insufficient to establish whether the solution was changed on May 30, it is Mahurin, not the ITD, who failed in the burden of proof. Here, the machine was placed in service thirty-one days prior to Mahurin's test, and there is ambiguity as to whether the solution was changed on that date. As previously noted, Mahurin did not subpoena a witness to testify about the procedures conducted on May 30. Because Mahurin presented no affirmative evidence showing that the calibration check solution had not been changed within one month before his June 30 test, any error in the hearing officer's finding or in his interpretation of the manual was harmless.

On this authority, Mecham's first claim of error is without merit.

5

Mecham's second claim of error suffers from these same infirmities. He contends that the hearing officer erred in rejecting his claim for relief from suspension asserting his tests for alcohol concentration were not conducted by a method that has been approved by the Idaho State Police pursuant to Idaho Code § 18-8004(4). *See* I.C. § 18-8002A(7)(d). He asserts that the ISP has adopted standards requiring that a driver be observed for fifteen minutes before tests are administered to assure that the subject does not smoke, ingest any substance, vomit, or belch, which actions could render the breath test inaccurate[4] and that discrepancies in documentation in the agency record show, he says, that this was not done. Specifically, Mecham references the report of Deputy Wren, who administered the tests, stating that Deputy Flegel asked him to do so "at approximately 0100 hours" and that he observed Mecham for fifteen minutes before administering the tests, and further references the machine printout of the tests, signed by Wren, which shows that testing began at "01:00" hours. Mecham concludes from these documents that Wren could not possibly have observed him for the requisite fifteen minutes and asserts that he is entitled to relief because the hearing officer's conclusion otherwise "is not based on clear evidence in the record." We disagree.

The hearing officer found that Flegel's report showed that he was present with Wren during the observation period and that Flegel's affidavit averred that testing was done after compliance with the fifteen-minute observation period. The hearing officer further found that Wren wrote on the printout that he first observed Mecham at 0029 hours, which is not inconsistent with Wren's report statement that Flegel asked him to administer the tests "at approximately 0100 hours." Mecham presented no affirmative evidence that the fifteen-minute observation period had not been observed; instead, he based his claim for relief on the assertion that Wren's report and the printout established that the fifteen minutes of observation could not have occurred because, according to Mecham, the documents showed that "the test started at the same time Officer Wren was asked to administer the test." The hearing officer found that "the timelines in this record are confusing but not necessarily fatal," and concluded from the record that existed that a valid observation period had occurred. The hearing officer did not err as this conclusion is supported by substantial evidence on the record as a whole.

---

[4]    *See Mahurin*, 140 Idaho at 660, 99 P.3d at 129.

## IV.

## CONCLUSION

The district court's decision affirming the hearing officer's order upholding the administrative suspension of Mecham's driver's license is affirmed. Costs on appeal to the respondent.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**