IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38435

| GREGORY LAMONTE HANSEN, | ) | 2012 Unpublished Opinion No. 425 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 30, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, DEPARTMENT OF | ) | THIS IS AN UNPUBLISHED |
| TRANSPORTATION, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

District court decision affirming administrative suspension of driver's license, affirmed.

Swafford Law, P.C., Idaho Falls, for appellant. Larren K. Covert argued.

Alan R. Harrison Law, PLLC, Idaho Falls, for respondent. Alan R. Harrison argued.

WALTERS, Judge Pro Tem

Gregory Lamonte Hansen appeals from the district court's order upholding the hearing officer's decision to affirm Hansen's license suspension. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on duty November 21, 2009, Officer Smith of the Idaho Falls Police Department noticed a vehicle in front of him speeding and almost driving into a ditch twice. Officer Smith initiated a stop of Hansen's vehicle and approximately five hundred yards later the vehicle stopped in a driveway. Officer Smith then called for a Bonneville County unit to assist with the stop because, according to the officer, he "was now in the County." Although a Bonneville County Sheriff's Deputy arrived to assist with the stop, Officer Smith continued his investigation and eventually had Hansen exit his vehicle and perform two field sobriety tests. After Hansen failed the field sobriety tests, he was transported to the county jail where he submitted to a

1

breathalyzer test. Because the samples of the test showed a result of .164/.164, the Idaho Transportation Department (ITD) served Hansen a notice of license suspension pursuant to Idaho Code § 18-8002A.

Hansen requested an administrative hearing, which was held on January 14, 2010. Hansen argued at the hearing that Officer Smith initiated the stop 2.3 miles outside the jurisdictional limits of the city. To support that argument, maps illustrating the city limits were introduced into evidence, Idaho Code sections on the extraterritorial authority of peace officers were given to the hearing officer, and an expert witness testified about the jurisdictional limits of Idaho Falls. The hearing officer found "probable cause for the stop began before [Officer Smith] enter[ed] the county" and that Hansen failed to show that the officer acted outside of his jurisdiction. The hearing officer upheld the license suspension and Hansen timely appealed to the district court.

Initially, the district court sought to remand the issue back to the hearing officer to verify whether there was a jurisdictional agreement between the Bonneville County Sheriff's Department and the Idaho Falls Police Department. Upon learning that no agreement existed between the two entities, the district court proceeded to hear the arguments. The district court upheld the hearing officer's decision, finding that "Officer Smith's stop and subsequent arrest were appropriate exercises of extraterritorial authority." Hansen timely appealed that decision.

## II.

## DISCUSSION

The Idaho Administrative Procedures Act (IDAPA) governs the review of Department decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence

2

before the agency, so long as the determinations are supported by substantial, competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The administrative license suspension (ALS) statute, I.C. § 18-8002A, requires the ITD to suspend the license of a driver who has failed an evidentiary test administered by a law enforcement officer. A person who has been notified of an ALS may request a hearing to contest the suspension before a hearing officer designated by the ITD. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a)  The peace officer did not have legal cause to stop the person; or
> (b)  The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c)  The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d)  The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e)  The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7).

The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. A court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-

3

5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

Hansen claims that Officer Smith initiated the stop outside of the city limits and therefore did not have jurisdiction to stop the vehicle. Hansen argues that because Officer Smith was acting extraterritorially and without authority, his driver's license should not be suspended under I.C. § 18-8002. Idaho Code § 18-8002A(7) does not list an officer acting extraterritorially or lacking jurisdiction as one of the grounds for license suspension. Hansen's argument assumes that an officer lacking jurisdiction is akin to an officer not having legal cause under I.C. § 18-8007A(7)(a). While we will proceed under this assumption--the State did not raise whether this is a proper means to challenge a license suspension--we reserve the right to make that determination on a later date.

In upholding the license suspension, the hearing officer considered the ITD documentation including the arresting officer's probable cause affidavit, where Officer Smith stated that at the point where Hansen stopped, Officer Smith "was now in the County." The hearing officer inferred that the statement "now in the County," meant that the "probable cause for the stop began before entering the county." The probable cause affidavit does not mention whether Officer Smith was within the city limits when he first observed Hansen's driving irregularities, nor does it give any indication as to where the officer began to follow Hansen. At the hearing, Hansen put on evidence that the stop occurred 2.4 miles outside the city limits and the officer turned his lights on to initiate the stop just north of Tower Road, 2.3 miles outside the city limits.

Hansen is correct in his contention that the hearing officer inferred from Officer Smith's notation that "now in the County" meant the officer was at one time within the city limits. However, just because the hearing officer made an inference does not mean that Hansen is entitled to relief. A hearing officer is free to draw inferences as long as the inferences are supported by the record. The inference drawn by the hearing officer in this case is reasonable, especially in light of the fact that Hansen never offered any evidence as to where the traffic infractions occurred.

Moreover, it was not the ITD's burden at the administrative hearing to prove that Officer Smith was within the officer's jurisdiction when he stopped Hansen or to disprove any of the

4

possible grounds for challenging a suspension under I.C. § 18-8002A(7). To the contrary, the statute directs that "the burden of proof shall be on the person requesting the hearing." I.C. § 18-8002A(7). Thus, it was Hansen's burden to prove, by a preponderance of the evidence, not only that the police officer in this case stopped Hansen outside of his geographical jurisdiction, but also that he did so improperly. Peace officers have the same authority outside of their jurisdiction as they do inside of their jurisdiction if one of three conditions exists. I.C. § 67-2337(2). One of these conditions is when an officer is in fresh pursuit. I.C. § 67-2337(2)(c). Hansen did not show where the officer's pursuit of him began. Hansen instead relies entirely on evidence that only establishes the location of the stop.

The hearing officer held that Hansen did not meet his burden of proving that the officer "was not authorized to make the stop outside of the city limits." This Court also holds that Hansen has failed to meet his burden of proof. Hansen went to great lengths to prove the location of the stop of his vehicle; however, that location gives little to no indication as to where Officer Smith first observed Hansen speeding and almost driving into a ditch twice. Those elements are crucial in disproving the ability of an officer to initiate a stop outside of his jurisdiction. Hansen did not present any evidence as to the location of the observed infractions, leaving the probable cause affidavit uncontroverted in this regard. Hansen has thus not met his burden of proving his allegation that the police officer first witnessed Hansen commit the infractions outside of the city limits and that the stop was not the proper use of extraterritorial authority under I.C. § 67-2337(2).

### III.

### CONCLUSION

The district court's decision affirming the hearing officer's order upholding the administrative suspension of Hansen's driver's license is affirmed. Costs on appeal awarded to respondent.

Judge LANSING and Judge GUTIERREZ **CONCUR.**