# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42608

| | | |
|---|---|---|
| **BRYAN ALLEN BEZDICEK, JR.,** | ) | **2015 Unpublished Opinion No. 599** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: August 26, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **IDAHO TRANSPORTATION** | ) | **THIS IS AN UNPUBLISHED** |
| **DEPARTMENT,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Decision of the district court, acting in its appellate capacity, affirming the administrative suspension of driver's license, <u>affirmed</u>.

Blewett Mushlitz, LLP; Jonathan D. Hally, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent.

_____

GRATTON, Judge

Bryan Allen Bezdicek, Jr. appeals from the district court's decision upon judicial review affirming the Idaho Transportation Department's order suspending his driver's license. He asserts there was insufficient legal cause to arrest him and to request that he submit to a breath test. He also asserts that the administrative license suspension hearing was not held in a timely manner. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bezdicek was stopped by a Lewiston police officer for driving without headlights. The officer could smell the odor of alcohol coming from Bezdicek and noticed his eyes were watery and bloodshot. Bezdicek admitted to consuming alcohol earlier that evening, stating that his last beer was approximately an hour before he was stopped. The officer directed Bezdicek to

1

undergo a set of field sobriety tests. Bezdicek failed the horizontal gaze nystagmus test and visibly swayed from side to side during the one-legged stand test. The officer then placed Bezdicek under arrest for suspicion of driving under the influence of alcohol, Idaho Code § 18-8004, and transported him to the Nez Perce County Jail. Bezdicek submitted to an evidentiary breath alcohol test to determine his blood alcohol content (BAC). The test produced results of .155 and .147. Consequently, Bezdicek's license was suspended by the Idaho Transportation Department (ITD) for ninety days.

Bezdicek requested an administrative hearing to contest his administrative license suspension (ALS). Bezdicek argued that the officer did not have legal cause to believe he was driving while under the influence of alcohol and hence was not justified in arresting Bezdicek or requesting that he submit to a BAC test. He also argued that the ALS hearing was not held in a timely manner. The hearing officer rejected each of these contentions and sustained the ninety-day license suspension. Bezdicek petitioned for judicial review by the district court. The district court affirmed the hearing officer's decision. Bezdicek again appeals.

## II.

## ANALYSIS

The ALS statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed a BAC test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

2

(c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7).

An ITD administrative hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The Idaho Administrative Procedures Act (IDAPA) governs judicial review of the ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price*

*v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

## A.     Legal Cause

Bezdicek argues the evidence does not support a finding that the officer had legal cause to believe he was driving while under the influence of alcohol and hence was not justified in arresting Bezdicek or requesting that he submit to a BAC test. Bezdicek argues that although he failed the horizontal gaze nystagmus evaluation, he correctly performed the walk and turn test and the one-legged stand test, and therefore, there was not adequate cause for arrest or to request that he submit to an evidentiary test.

We conclude that the officer had legal cause to administer an evidentiary test. We first note that Bezdicek's assertion that he passed the one-legged stand test is not supported by the record. In the officer's report he stated, "During the test, Bezdicek swayed visibly from side to side." While questioning Bezdicek, the officer detected a moderate odor of an alcoholic beverage and observed that Bezdicek's eyes were watery and bloodshot. Additionally, Bezdicek failed the horizontal gaze nystagmus test and informed the officer that he had been consuming alcohol earlier that evening, stating that his last beer was approximately an hour before he was stopped. There was more than adequate evidence giving the officer legal cause to believe that Bezdicek was driving under the influence and to administer an evidentiary breath test. Therefore, the hearing officer properly concluded that Bezdicek did not meet his burden of proving that the officer lacked legal cause to believe Bezdicek was driving under the influence of alcohol.

## B.     Timeliness of ALS Hearing

Bezdicek also argues the ALS hearing was not held in a timely manner as required by I.C. § 18-8002A. A person who has been served with a notice of suspension after submitting to an evidentiary test may request an administrative hearing on the suspension. I.C. § 18-8002A(7). "If a hearing is requested, the hearing shall be held within twenty (20) days of the date the hearing request was received by the department unless this period is, for good cause shown, extended by the hearing officer for one ten (10) day period." Bezdicek was served with a notice of suspension on March 18, 2014, and requested a hearing on March 21, 2014, to contest his license suspension. At the same time, Bezdicek also requested subpoenas be issued for various persons and documents. On March 24, 2014, the hearing officer issued the subpoenas, a notice

4

of hearing, and a show cause letter, extending the hearing date to "allow time for the receipt of subpoenaed evidence requested by [Bezdicek]." Based upon this decision, the hearing was scheduled for April 17, 2014, twenty-seven days after Bezdicek's request for a hearing. Bezdicek asserts that good cause did not exist to allow for the hearing date to extend beyond the twenty-day period mandated by I.C. § 18-8002A(7).

The suspension of a driver's license involves state action that adjudicates important interests of the licensee, and therefore, a driver's license may not be taken away without procedural due process. *Dixon v. Love*, 431 U.S. 105, 112 (1977); *Bell v. Burson*, 402 U.S. 535 (1971); *State v. Ankney*, 109 Idaho 1, 3-4, 704 P.2d 333, 335-36 (1985). Nevertheless, an individual's interest in his driver's license is not so substantial as to require a pre-suspension hearing; a prompt post-suspension hearing will suffice. *Dixon*, 431 U.S. at 113; *Ankney*, 109 Idaho at 5, 704 P.2d at 337. However, an undue delay in holding a post-suspension hearing or issuing a decision may constitute a deprivation of due process. *Federal Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 242 (1988).

The ultimate decision to extend a license suspension hearing for good cause is at the discretion of the hearing officer. Due to the request for additional discovery outside the statutorily mandated documents, the hearing officer determined good cause existed to extend the hearing within the ten-day extension period, and the thirty-day time frame as mandated by statute. Bezdicek has failed to establish that the hearing officer's extension of the hearing date within the thirty-day statutory time frame was an undue delay or that a substantial right has been prejudiced. Accordingly, the hearing officer did not abuse his discretion by extending Bezdicek's hearing date within the ten days allowed, citing the need to allow time for the receipt of Bezdicek's requested evidence.

### III.

### CONCLUSION

Bezdicek has not shown that the officer lacked legal cause to believe he was driving under the influence of alcohol. Furthermore, Bezdicek has not demonstrated that the hearing officer abused its discretion by extending the hearing date within the statutorily mandated time frame. Accordingly, we affirm the district court's decision upon judicial review affirming the ITD's order suspending Bezdicek's driver's license after he failed a BAC test.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

5