# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43374

| | |
|---|---|
| TONY EUGENE PETERSON, | ) 2016 Unpublished Opinion No. 405 |
| | ) |
| Petitioner-Appellant, | ) Filed: February 25, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| IDAHO TRANSPORTATION | ) THIS IS AN UNPUBLISHED |
| DEPARTMENT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Decision of the district court, acting in its appellate capacity, affirming the administrative suspension of driver's license, reversed; license suspension vacated.

Clark and Feeney, LLP; Paul T. Clark, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent.

_____

HUSKEY, Judge

Troy Eugene Peterson appeals from the district court's decision, upon judicial review, affirming the Idaho Transportation Department's (ITD) order suspending his driver's license. Peterson challenges the validity of the standard operating procedures (SOPs) for breath testing and argues the hearing procedures deprived him of due process and the hearing officer violated his equal protection rights. We reverse the district court's decision affirming the hearing officer's decision and vacate Peterson's license suspension.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2014, an officer stopped Peterson for operating a motor vehicle after sunset without taillights. Peterson was subsequently arrested for driving under the influence of alcohol and was issued a notice of license suspension and temporary (thirty-day) driving permit.

1

Peterson requested an administrative hearing to contest his license suspension. Peterson raised an exhaustive list of challenges to his license suspension at the administrative hearing. The hearing officer rejected each of these contentions and sustained the one-year license suspension. Peterson filed a petition for judicial review, and the district court affirmed the hearing officer's decision. Peterson again appeals.

## II.

## ANALYSIS

Peterson argues the applicable SOPs are invalid because they were not properly promulgated as rules.[1]

The Idaho Administrative Procedure Act 2009 (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* Idaho Code §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence

---

[1] Peterson further argues the district court erred in finding the test for alcohol concentration was conducted in accordance with the requirements of Idaho Code § 18-8004(4) where the officer's report does not contain any information regarding the performance on the field sobriety tests. Because we hold the alcohol concentration test was not conducted in accordance with I.C. § 18-8004(4), we need not address the sufficiency of the evidence to support the underlying charge.

in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

The administrative license suspension statute, I.C. § 18-8002A, requires that ITD suspend the driver's license of a driver who has failed a breath alcohol content test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test, and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of such an administrative license suspension may request a hearing before a hearing officer designated by ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a)     The peace officer did not have legal cause to stop the person; or
> (b)     The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c)     The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d)     The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e)     The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133.

3

Peterson argues that the SOPs for breath alcohol testing in place at the time he was tested do not have the full force and effect of law, and accordingly, any agency action resting on the SOPs must be set aside. The only applicable provision for the hearing officer to vacate Peterson's license suspension is the first clause of subsection (d) of I.C. § 18-8002A(7), which requires a driver to show that "the tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code." Idaho Code § 18-8004(4) provides, in relevant part:

> Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed by a laboratory operated by the Idaho state police or by a laboratory approved by the Idaho state police under the provisions of approval and certification standards to be set by that department, or by any other method approved by the Idaho state police. Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho state police or by any other method approved by the Idaho state police shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

The Idaho State Police (ISP) approved the SOPs for breath testing. Two cases recently decided by the Idaho Supreme Court determined that the applicable SOPs are void because they were not adopted pursuant to IDAPA.[2] *State v. Riendeau*, 159 Idaho 52, 355 P.3d 1282 (2015); *State v. Haynes*, 159 Idaho 36, 355 P.3d 1266 (2015).

In *Haynes*, the Supreme Court analyzed I.C. § 18-8004(4). The Court noted that the "statute requires that analysis of *blood or urine* 'shall be performed by a laboratory operated by the Idaho state police or by a laboratory approved by the Idaho state police under the provisions of approval and certification standards to be set by that department.'" *Haynes*, 159 Idaho at 44, 355 P.3d at 1274 (emphasis added). With respect to *breath testing*, the Court noted that I.C. § 18-8004(4) provides that:

> "[a]nalysis of . . . breath for the purpose of determining the alcohol concentration shall be performed . . . by any other method approved by the Idaho state police." The "any other method" would be a method other than in a laboratory operated or

---

[2] The *Haynes* and *Riendeau* Courts addressed the SOPs existing in 2013, which are applicable to the present case. The SOPs have since been promulgated as rules.

approved by the State Police. The 2013 SOPs set forth procedures to implement breath testing under section 18-8004(4).

*Haynes*, 159 Idaho at 44, 355 P.3d at 1274. Because the 2013 SOPs substantially conformed to the Court's definition in *Asarco Inc. v. State*, 138 Idaho 719, 69 P.3d 139 (2003) of a rule, the Court held "the 2013 SOPs would constitute rules" that must be adopted in compliance with IDAPA. *Haynes*, 159 Idaho at 45, 355 P.3d at 1275. The 2013 SOPs were not adopted in compliance with IDAPA, and accordingly, the Court held that the 2013 SOPs were void. *Id.*[3]

In this case, the hearing officer concluded that Peterson's "evidentiary test was performed in compliance with Idaho Law and ISP Standard Operating Procedures." However, the *Haynes* Court interpreted I.C. § 18-8004(4) to require that ISP's approved method for breath testing be adopted in compliance with IDAPA. Thus, Peterson's breath test could not be conducted in accordance with the requirements of I.C. § 18-8004(4) because the method approved by ISP and used for Peterson's test (the 2013 SOPs) was not adopted in compliance with IDAPA. Because Peterson's breath test was not conducted in accordance with the requirements of I.C. § 18-8004(4), Peterson successfully demonstrated that the grounds enumerated in I.C. § 18-8002A(7)(d) for vacating the suspension were met. Thus, the hearing officer's decision upholding the license suspension was contrary to I.C. § 18-8002A(7)(d) and unsupported by evidence in the record. Accordingly, we reverse the district court's decision affirming the hearing officer's decision and vacate Peterson's license suspension.

Because we are vacating Peterson's license suspension, we need not address his claims that the district court erred in finding the test for alcohol concentration was conducted in accordance with the requirements of I.C. § 18-8004(4) where the officer's report does not contain any information regarding the performance on the field sobriety tests.

### III.

### CONCLUSION

Peterson's breath test was not conducted in accordance with the requirements of I.C. § 18-8004(4), Peterson successfully demonstrated that the grounds enumerated in I.C. § 18-8002A(7)(d) for vacating the suspension were met, and the hearing officer's decision upholding the license suspension was contrary to I.C. § 18-8002A(7)(d) and unsupported by

---

[3] Peterson's challenge to the SOPs was similar to that in *Haynes* and *Riendeau*, and although this is an ALS proceeding, not a criminal case, our analysis is the same.

5

evidence in the record.  The district court's decision affirming the hearing officer's decision is reversed.  Peterson's license suspension is vacated.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.